**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andrija James Balas,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-10-0101-PHX-PGR (LOA)<br><br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Anderson in light of the petitioner's Petition for Re-Consideration on Ruling by Magistrate (Doc. 23), which the Court construes as the petitioner's objections to the Report and Recommendation, the Court finds that the Magistrate Judge correctly determined that the petitioner's timely petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, should be dismissed.

The gist of the petitioner's first claim in his Amended Petition (Doc. 10) is that his Fifth Amendment right against self-incrimination was violated when he was forced to appear before the jury in jail clothes and shackles.[1] The Court

---

[1] While the Report and Recommendation does not expressly refer to the Amended Petition, it is clear that the Report and Recommendation is directed at

agrees with the Magistrate Judge that this claim is procedurally barred from federal habeas corpus review because the Arizona Court of Appeals rejected the claim on the basis of the "invited error" doctrine, which is an adequate and independent state procedural rule[2], and because the petitioner has failed to assert any legitimate cause for the procedural bar or to show that the failure to consider his Fifth Amendment claim will result in a fundamental miscarriage of justice.[3]

The gist of the petitioner's second claim is that his Fourteenth Amendment right to due process, which the Court construes as a Sixth Amendment claim of ineffective assistance of counsel, was violated due to his counsel's failure to object to the petitioner's appearance at trial in prison clothes and restraints. The Court agrees with the Magistrate Judge that this claim should be denied on its merits because the petitioner has failed to establish that the state superior court's rejection of this claim was either contrary to, or an unreasonable application of, clearly established federal law as set forth by the Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), or resulted in a decision that was based on an

---

the claims raised in the Amended Petition.

[2] The Arizona Court of Appeals concluded that the petitioner had either invited or waived any error regarding his in-custody appearance because he made the decision to appear before the jury in jail clothes and restraints by choosing not to change into street clothes.

[3] The Court agrees that this claim also fails on its merits because the petitioner cannot establish any actual prejudice from the jury viewing him in prison clothing and restraints inasmuch as the State presented overwhelming evidence of his guilt. *See* <u>Cox v. Ayers</u>, 613 F.3d 883, 891 (9th Cir.2010) (Court concluded in a habeas proceeding that the unconstitutional shackling of a defendant does not have any prejudicial effect on a guilty verdict if the evidence of guilt is overwhelming.)

unreasonable determination of the facts in light of the state court record.  At the very least, the petitioner has not established that he was prejudiced by any failure by his counsel to object to his appearance in prison clothing and restraints given the overwhelming evidence of his guilt.  *See* Allen v. Woodward, 395 F.3d 979, 999 (9th Cir.2005) (Court concluded that even if the petitioner's counsel's performance was arguably deficient, the petitioner could not establish the prejudice required to satisfy Strickland's prejudice prong due to the overwhelming evidence of the petitioner's guilt); Whitman v. Bartow, 434 F.3d 968, 972 (7th Cir. 2006) ("Because [the petitioner's] appearance before the jury in his prison clothing did not prejudice the outcome of his trial, [the petitioner's] ineffective assistance of counsel claim also fails. ... The evidence of [the petitioner's] guilt was overwhelming, and his attire was not an outcome determinative factor in the jury's decision.")  Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 20) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's [Amended] Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 10) is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that no Certificate of Appealability shall issue and that the petitioner is not authorized to appeal *in forma pauperis* because the dismissal of the petitioner's habeas petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because the petitioner has not made a substantial showing of the denial of a constitutional right.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter

judgment accordingly.

DATED this 2nd day of August, 2011.

Paul G. Rosenblatt
United States District Judge